JP:AEG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M08-1080**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

 - against -

REGINALD ST. PIERRE,

   Defendant.

- - - - - - - - - - - - - - - - -X

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(21 U.S.C. § 841)

EASTERN DISTRICT OF NEW YORK, SS:

  JORGE DA SILVA, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

  Upon information and belief, on or about and between September 10, 2008, and September 11, 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant REGINALD ST. PIERRE did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved fifty grams or more of a substance containing cocaine base, a Schedule II controlled substance.

  (Title 21, United States Code, Section 841(a)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about September 10, 2008, a confidential source (the "CS") met with the defendant REGINALD ST. PIERRE at 139-29 254th Street, Rosedale, New York, the defendant's home. The defendant provided the CS with a sample of a substance that later tested positive for the presence of cocaine base. The defendant agreed to sell the CS approximately two ounces of cocaine base for approximately $2,600. This meeting was monitored by law enforcement and recorded.

2. On or about September 11, 2008, the CS and an undercover DEA agent (the "UC") met with the defendant REGINALD ST. PIERRE at 139-29 254th Street, Rosedale, New York. The defendant stated that the source of the cocaine base was located in the vicinity of Linden Boulevard and East 57th Street in Brooklyn, New York. The defendant drove to that intersection, and the CS and the UC followed him in a separate car. Approximately four to five unidentified children accompanied the defendant in his car.

3. After arriving at the above-mentioned location, the defendant REGINALD ST. PIERRE and the UC got out of their

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware. My information in this case comes from a review of DEA records and my direct participation in the investigation.

2

cars and met near the back of the defendant's car. The UC handed the defendant approximately $2,600.

4. The defendant REGINALD ST. PIERRE returned to his car, and an unidentified male (the "UM") entered the passenger side of the car. The car then drove around the next corner out of sight. A short while later the car returned to the above-described location and the UM got out of the car. The car then drove to where the CS and the UC were parked, and parked alongside their car.

5. The defendant REGINALD ST. PIERRE threw a package wrapped in plastic to the UC and drove away. The package contained 55.6 grams of a substance that later tested positive for the presence of cocaine base.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant REGINALD ST. PIERRE, so that he may be be dealt with according to law.

JORGE DA SILVA
Special Agent
Drug Enforcement Administration

Sworn to before me this
2nd Day of December, 2008

s| Levy

‗RATE JUDGE
NEW YORK

3